## PATRICK DOUD
### v.
### OSSIAN GUTHRIE ET AL.

1. OBSTRUCTION CAUSING OVERFLOW OF LAND.—In an action for damages caused by erecting a dam or embankment whereby plaintiff's land was overflowed, it is not necessary to a cause of action that the obstruction complained of . caused the water to both overflow and remain on the land to a greater extent than it otherwise would, and an instruction to that effect is erroneous.

2. OVERFLOW FROM OTHER CAUSES.—In such an action, an instruction that if a part of plaintiff's land was overflowed by means other than the building of the dam in question, the defendants were not liable for such overflow is clearly erroneous.

APPEAL from the Superior Court of Cook county, the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed July 25, 1882.

Mr. F. W. BECKER, for appellant; that the opinions of experts or scientific men as to the effect of such an embankment or dam are admissible in evidence in this case, cited Linn v. Sigsbee, 67 Ill. 75; Buffum v. Harris, 5 R. I. 243: Porter v. Pequonnoc Mfg. Co. 17 Conn. 249.

It was error to allow the introduction as evidence of the

Doud v. Guthrie.

map produced by defendant, it not being shown to be either original field notes or copy of field notes and not being shown to be correct: Melody v. The People, 8 Bradwell, 485; Dunn v. Hayes, 8 Shep. 76; Harrison v. Middleton, 11 Gratt. 527; Rose v. Davis, 11 Cal. 133.

Upon the question of nominal damages: Whipple v. Cumberland Mfg. Co. 2 Story C. C. 661; Eagle M. Co. v. Gibson, 62 Ala. 369; Newhall v. Ireson, 8 Cush. 595.

Mr. A. B. JENKS, for appellees; that the opinions of witnesses should not be received where the inquiry is into a subject-matter the nature of which does not require any peculiar habits of study or scientific knowledge to understand it, cited Rockford v. Hildebrand, 61 Ill. 155; Linn v. Sigsbee, 67 Ill. 175; T. P. & W. R. R. Co. v. Conroy, 68 Ill. 560; Chicago v. McGiven, 78 Ill. 347; Muldonny v. I. C. R. R. Co. 36 Iowa, 462; Milwaukee, etc. R. R. Co. v. Kellogg, 94 U. S. 469.

A map or plan properly verified is competent evidence: Greenleaf's Ev. § 285; Wharton's Ev. § 676; Smith v. Story, 14 Pick. 128; Hazen v. B. & M. R. R. Co. 2 Gray, 574; Ruloff v. The People, 45 N. Y. 213; Blair v. Pelkam, 118 Mass. 420; Marcy v. Barnes, 16 Gray, 161; Hollenbeck v. Rowley, 8 Allen, 473; Cozzens v. Higgins, 1 Abb. 451; Underzork v. Commonwealth, 76 Pa. St. 340; Church v. Milwaukee, 31 Wis. 512.

A verdict will not be set aside where the evidence is conflicting: Morgan v. Ryerson, 20 Ill. 343; Creote v. Willey, 83 Ill. 444.

WILSON, P. J.    This was a case brought by appellant against appellees, to recover damages alleged to have been caused to plaintiff's land by the erection of a dyke and dams along and across the Desplaines river near plaintiff's land, whereby the water was diverted from its usual and natural channel and forced upon the plaintiff's land, thereby doing damage, etc.   Plea not guilty and issue thereon.   The case was tried by a jury resulting in a verdict and judgment for the defendant.

Upon the trial, evidence having been introduced by the plaintiff tending to prove a cause of action as alleged, and by

the defendants *contra*, the court, at the request of the defendants, gave, among others, the following instructions: 4. "The jury are instructed that before they can find a verdict for the plaintiff in this case, he, the plaintiff, must prove by a preponderance of evidence, that the building and maintaining of the dam and embankment complained of, caused the water to overflow and remain upon the plaintiff's land to a greater extent than it would if the dam and embankment had not been built."

It was not necessary to a cause of action that the plaintiff should prove that the obstruction complained of caused the water to both overflow and remain on the land to a greater extent than it would have done if the obstruction had not been made; it was sufficient if it produced either result, and in this respect the instruction was open to criticism. While, however, we might not perhaps have felt called upon to reverse the judgment, had the giving of this instruction been the only error in the record, the fifth of defendant's instructions was so radically wrong as to necessitate a reversal. It is as follows:

5. "If the jury believe from the evidence that any part of plaintiff's land was overflowed by water, and that such overflow was caused wholly by any means other than the building of the dam or embankment by defendant complained of in the declaration in this case, then the defendants are not responsible in this action for such overflow, and the verdict should be for the defendants."

The error in this instruction is obvious. By it the jury are told, in substance, that if a part of the plaintiff's land was overflowed by reason of causes other than the building of the dams and dyke, then he could not recover even though other parts of his land had been overflowed in consequence of the erection of the dams and dyke by the defendant. The instruction being thus manifestly erroneous, and the error not being corrected by any other instruction, the judgment of the court below must be reversed and the cause remanded for a new trial.

                     Reversed and remanded.